**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LOUIS HOWARD FERRELL, JABEZ INTERNATIONAL, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOHN G. STUMPF, ANGELO MOZILO, R.K. ARNOLD, JAMES F. TAYLOR, BRIAN T. MOYNIHAN, LAW OFFICE OF MILES BAUER, BERGSTROM & WINTERS<br><br>Defendant. | No. CV 10-1231-PHX-MHM<br><br>**ORDER** |

Pending before the Court is the Motion by Plaintiffs Louis Howard Ferrell and Jabez International LLC for Leave and to File Amended Complaint and Petition for Temporary Restraining Order to Estop Defendant, Taking Plaintiff's Real Property. (Doc. 18) Having reviewed the Motion and the Amended Complaint and Petition for Temporary Restraining Order, the Court issues the following Order.

**A.     BACKGROUND**

Without representation, Plaintiff Louis Howard Ferrell filed a complaint in Maricopa County Superior Court on April 27, 2010 on his behalf and that of Jabez International, LLC. (Doc. 1, Ex. 1) Defendants removed the case to federal court and Plaintiffs filed a Motion for Temporary Restraining Order and Motion for Temporary Injunction on September 3,

1  2010. Arnold, Moynihan, Mozilo, Stumpf and Taylor filed a Motion to Dismiss the Case and
2  a Motion to Dismiss Party on June 16, 2010 and Defendant MBBW filed a Motion to
3  Dismiss and an Opposition to Plaintiffs' Petition for Temporary Restraining order on June
4  21, 2010.   The 120-page memorandum of points and authorities accompanying the
5  complaint indicated that Plaintiffs' complaint pertained to property located at 29029 North
6  122nd Drive, Peoria, Arizona whose deed of trust was foreclosed upon through non-judicial
7  foreclosure.  The Court granted Defendants' Motions to Dismiss after concluding that
8  Plaintiffs' complaint failed to state a claim under Rule 8(a)(2).  The Court found that the
9  Plaintiff, Mr. Farrell, lacked standing to litigate on behalf of Jabez International, LLC.  The
10 Court also found that the Complaint did not contain "a short and plaint statement of the claim
11 showing" how Plaintiffs were entitled to relief as required by Rule 8(a)(2) of the Federal
12 Rules of Civil Procedure.  The Court pointed out that Plaintiffs' 120-page amalgam of
13 statements and legal doctrines was anything but a short and plain statement.  The Court also
14 stressed that a plaintiff's complaint must give the defendant "fair notice of what the claim is
15 and the ground upon which it rests." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003) and
16 that Plaintiffs could not rely on conclusory allegations and statements.  The Court noted that
17 the Plaintiffs' complaint did not set out sufficient facts that explained either the harm
18 suffered by the Plaintiffs' or how the named Defendants have caused that harm or what
19 remedy Plaintiffs seeks.  The Court further noted that Plaintiffs' Complaint advanced a
20 number of legal theories often raised by Plaintiffs in cases involving foreclosures that have
21 been definitively rejected by courts in this circuit, including the theory that Defendants have
22 to produce the original note from the lender, the due process claims alleged in light of the
23 private contract at issue in this case, the unconscionability of the deed of trust, and the theory
24 that the bank had not really loaned any money to Plaintiffs.

25      The Court alerted Plaintiffs that they would have one chance to amend their pleadings.
26 The Court directed Plaintiffs to file a motion for leave to amend the complaint, and to attach
27 the amended complaint to the motion.  The Court directed Plaintiffs to:
28      make clear [their] allegations in short, plain statements with each claim for

1
2
3
4
5

>relief identified in separate sections.  In the amended complaint, [Plaintiffs] must write out the rights [they] believe[] were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of [Plaintiffs'] rights, and what specific injury [Plaintiffs] suffered because of the other person's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count.  Any amended complaint filed by [Plaintiffs] must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

6 Kennedy v. Andrews, 2005 WL 3358205, *3 (D. Ariz. 2005).  The Court stressed that the

7 Complaint was extremely disjointed and difficult to follow, relying on conclusory statements

8 and abstract statements of law without reference to facts applicable to this case. The Court

9 further advised Plaintiffs, that any amended complaint should focus on facts from which this

10 Court can determine the harm Defendants caused to Plaintiffs and why Plaintiffs are entitled

11 to seek relief for these alleged harms in this Court. The Court also denied Plaintiffs' request

12 for temporary restraining order and hearing as moot, in light of the fact that it was dismissing

13 Plaintiffs' complaint.

14 Plaintiffs have now filed a Motion to Amend the Complaint and a new Motion for a

15 Temporary Restraining Order.  Although the amended complaint attached to the motion is

16 considerably shorter than the 120-page document that was previously filed, Plaintiffs only

17 appear to have cut pages from the original complaint, so that the complaint still fails to

18 correct the many fatal deficiencies enumerated in the Motions to Dismiss and by the Court.

19 For instance Mr. Farrell still appears to claim to litigate on behalf of Jabez International

20 without standing or authority  to do so.  The Plaintiffs continue to combine incoherent

21 statements and conclusory allegations such as that the Defendant is committing fraud and has

22 violated numerous Arizona statutes.  The complaint does not set out facts explaining what

23 harm Plaintiffs have suffered, or how Defendants' caused that harm other than through

24 conclusory allegations.

25 As stated in the Court's prior order, the Court must liberally construe pleadings

26 submitted by a pro se claimant, affording the claimant the benefit of any doubt.  Karim-

27 Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, the Court "may

28 not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982). In addition, "the court [is not] required to accept
2  as true allegations that are merely conclusory, unwarranted deductions of fact, or
3  unreasonable inferences." Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.
4  2001). Even applying the liberal standard used in pro se cases, for the reasons stated above
5  the Court finds that Plaintiffs have failed to correct the errors identified in its original
6  complaint.

Accordingly,

**IT IS HEREBY ORDERED**, denying Plaintiff's Motion to Amend. (Doc. 18)

**IT IS FURTHER ORDERED**, denying as moot, Plaintiffs' Motion for Temporary Restraining Order to Estop Defendant in, Taking Plaintiff's Real Property. (Doc. 18).

DATED this 1st day of October, 2010.

_____
Mary H. Murguia
United States District Judge